FILED
SUPERIOR COURT
OF GUAM

2022 MAR -8 PM 4: 45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE V. GUAM,<br><br>                         Plaintiff,<br><br>       vs.<br><br>THANO JAMES FULLER<br>(*aka* Dhano Fuller; *aka* Dhano James Fuller),<br><br>                     Defendant. | Case No. CF0171-21<br><br>**DECISION AND ORDER**<br>**(Motion For Appointment of Counsel)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on February 18, 2022, for a motion hearing on Thano James Fuller's ("Defendant") Motion for Appointment of Counsel. Attorney William Pole appeared for Defendant. Assistant Attorney General Katherine Nepton appeared for the People of Guam ("People"). In accordance with its ruling from the bench on February 18, 2022, the Court now issues the following Decision and Order **DENYING** Defendant's Motion for Appointment of Counsel.

## BACKGROUND

On April 9, 2020, a grand jury indicted Defendant with the following charges: (1) Burglary (As a Second Degree Felony); (2) Two Counts of Theft (As a Second Degree Felony); (3) Conspiracy to Commit Burglary (As a Second Degree Felony); and (4) Conspiracy to Commit Theft (As a Second Degree Felony). Indictment, Apr. 9, 2020. Initially, Attorney Joaquin Arriola from the Private Attorney Panel was appointed to represent Defendant. Notice

of Court Appointed Counsel, Apr. 1, 2021. Subsequently, Attorney William Pole from the Private Attorney Panel was appointed to represent Defendant. Notice of Court Appointed Counsel, Apr. 14, 2021. Attorney William Pole has represented Defendant until the present. On January 26, 2022, Defendant filed the instant motion. Mot. for Appointment of Counsel, Jan. 26, 2022. The Court held a motion hearing and made a ruling denying Defendant's Motion for Appointment of Counsel from the bench. Minute Entry, Feb. 18, 2022.

## DISCUSSION

Attorney Pole argues that he should ". . . be relieved as counsel for Defendant Thano Fuller, as the attorney client relationship has broken down to the point that the client has asked for the Attorney to withdraw from his cases." Mot. for Appointment of Counsel at 1. Defendant believes that Attorney Pole has not represented Defendant "to the best of his ability." Digital Recording at 3:15:12 (Mot. H'rg. Feb. 18, 2022). Specifically, Defendant is frustrated because he has been incarcerated for two years and has not completed a plea agreement. *Id.* Attorney Pole believes that Defendant would like a more aggressive attorney. *Id.*

Local Rules of the Superior Court of Guam Miscellaneous Rule ("MR") 1.1 require the Court appoint an attorney to represent persons unable to obtain adequate representation. However, the rules do not permit indigent defendants to choose their attorneys. Similarly, Guam Rules of Professional Conduct ("GRPR") 1.16(b) allow a lawyer to withdraw from representation if: "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the

client fails substantially to fulfill reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

Defendant and Attorney Pole fail to articulate a reason for withdrawal that satisfies the requirements of MR 1.1 or GRPR 1.16. The Court reminds Defendant that he is facing serious charges in this case and in Superior Court of Guam Criminal Case No. CF0162-21. Two years is a standard amount of time to work out a global plea agreement given the charges in Defendant's cases. Under MR 1.1, Defendant is entitled to an attorney, but he is not entitled to a different attorney simply because he does not like his attorney's style. Moreover, the Court does not find any reason that permits Attorney Pole to withdraw from representation under GRPR 1.16. Attorney Pole's belief that Defendant would like a more aggressive attorney—while perhaps accurate—does not constitute good cause to appoint new counsel. Likewise, neither Defendant nor Attorney Pole articulated an action Defendant insists upon taking that Attorney Pole finds repugnant or has a fundamental disagreement with. Similarly, neither Defendant nor Attorney Pole has identified an obligation that Defendant fails to fulfill. Finally, nothing suggests that Defendant is using Attorney Pole's services for fraud or criminal actions, or has done so in the past. Accordingly, absent any reason for withdrawal that meets the requirements of MR 1.1 and GRPR 1.16, the Court denies the motion at this time.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion for Appointment of Counsel.


SO ORDERED, *Nunc Pro Tunc* to February 18, 2022 this ___8___ day of ___March___, 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam